**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4293**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM ALBERT FLINN, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:22-cr-00023-TSK-MJA-1)

---

Submitted:  May 22, 2025                                      Decided:  May 27, 2025

---

Before KING, AGEE, and WYNN, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Diana Stavroulakis, Weirton, West Virginia, for Appellant.  Stephen Donald Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Albert Flinn, Jr., pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A).  The district court sentenced Flinn within the advisory Sentencing Guidelines range to an aggregate sentence of 195 months' imprisonment.  On appeal, Flinn's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Flinn's guilty plea and the appellate waiver in Flinn's plea agreement are valid and whether the sentence is procedurally and substantively reasonable.  Flinn has filed a pro se supplemental brief, where he argues that his § 924(c) conviction is invalid because he did not use or carry the firearm during his drug sales, and that counsel was ineffective for failing to raise this issue and for not adequately consulting him before filing the *Anders* brief.  The Government has moved to dismiss the appeal based on the appeal waiver in Flinn's plea agreement.  We affirm in part and dismiss in part.

Flinn's waiver of appellate rights does not prevent our review of the validity of the plea itself.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).  We review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error.  *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the

2

applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the magistrate judge conducted a thorough and complete Rule 11 hearing. We therefore conclude that Flinn entered his plea knowingly and voluntarily, and that a factual basis supported the plea.

With respect to Flinn's waiver of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the record confirms that, with limited exceptions, Flinn knowingly and intelligently waived his right to appeal his conviction and sentence. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues and challenge to Flinn's § 924(c) conviction counsel and Flinn raise in the *Anders* brief and pro se brief fall squarely within the scope of the waiver. With respect to Flinn's claim that his

3

counsel rendered ineffective assistance, that claim is excepted from the waiver.  However, we conclude that "there is no conclusive evidence of ineffective assistance on the face of this record," so we will not address this claim on direct appeal.  *See United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore grant the Government's motion to dismiss in part, dismiss the appeal of all issues within the scope of the appellate waiver, and affirm the remainder of the judgment.  This court requires that counsel inform Flinn, in writing, of the right to petition the Supreme Court of the United States for further review.  If Flinn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Flinn.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4